
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| HUI CHEN, | No. 09-73523 |
| Petitioner, | Agency No. A088-113-160 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2013**
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Hui Chen, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration

Judge's denial of her applications for asylum, withholding of removal, and relief

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that Chen did not establish an objectively reasonable fear of future persecution in China. Chen does not challenge the BIA's determination that Chen did not suffer past persecution, but contends that she faces arrest upon return to China because of her prior involvement in a Christian home church. Chen helped organize church meetings, which sometimes occurred in her beauty salon. Chen testified that Chinese police raided a church gathering in another member's home, arresting the participants and detaining the organizers. Chen was not at the meeting where the raid occurred, but learned of this through her mother. Chen's mother also told her that the police came looking for Chen at her home.

Other than an unsworn letter from her mother, which does not mention the home church raid, there is no corroboration of Chen's claim that the Chinese police were looking for her, as well as no evidence showing how long the other home church organizers were detained or how they were treated. Even if Chen's fear of future persecution is subjectively genuine, there is no "credible, direct, and specific evidence" that Chen's fear is objectively reasonable. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc).

Secondary evidence of country conditions in China does not require a contrary conclusion from that of the BIA, which determined that the government's treatment of Chinese nationals in house churches has been inconsistent and that Chen did not show a pattern or practice of persecution. The record evidence is not "so compelling that no reasonable factfinder" could find that Chen has not established eligibility for asylum. *See Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir. 2005). In view of that conclusion, we also hold that Chen did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Further, Chen did not contest the BIA's denial of CAT relief, thus waiving the issue. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008). Substantial evidence supports the BIA's dismissal of Chen's appeal.

**DENIED.**